# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                             CR No. 18-585 JAP

**JAMES GONZALES,**

    Defendant.

## MEMORANDUM OPINION

At a sentencing hearing on October 3, 2018, the Court heard the testimony of Albuquerque Police Department Detective Eric Endzel regarding the six offense level enhancement imposed in paragraph 19 of the Presentence Investigation Report under U.S.S.G. § 3A1.2(c)(1).[1,2] Detective Endzel's testimony was credible and established the following facts relevant to whether Defendant "assaulted" Detective Endzel "in a manner creating a substantial risk of serious bodily injury."

On February 7, 2018 police officers chased Defendant, who was driving a stolen vehicle, to a house where Defendant got into a second vehicle as a passenger. Police followed the second vehicle which was driven at high speeds. Eventually the second vehicle stopped at a gas service station where it was hemmed in by police vehicles. *See* Exhibit A, Doc. No. 43. Detective Endzel was standing close to the stopped second vehicle as Defendant got out of the front

---

[1] U.S.S.G. § 3A1.2(c)(1) provides for a six level increase "If, in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable—(1) knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom."

[2] The Court had previously determined that at the time of his relevant conduct Defendant knew or had reasonable cause to believe that Detective Endzel was a law enforcement officer as required by U.S.S.G. § 3A1.2(c)(1).

passenger seat and started to run.  Defendant lifted up his shirt, reached into his waistband, and pulled out a hand gun.  Defendant fumbled the gun and reached down in an unsuccessful effort to retrieve the gun when it fell to the ground.  Defendant then continued running away from the police officers who chased Defendant on foot across a busy four lane street and finally captured him.  On observing Defendant lifting his shirt and grabbing the pistol in his waistband, Detective Endzel feared for his life.  Had Defendant not fumbled his weapon, Defendant easily could have used it to seriously wound or kill Detective Endzel.

At the conclusion of the October 3, 2018 hearing the Court asked counsel to brief the issue of whether an objective test or a subjective test should be used in applying the language "assaulted such officer" (in this case Detective Endzel) "in a manner creating a substantial risk of serious bodily injury."  Additionally, the Court asked whether the language should be assessed from the viewpoint of the defendant or the "law enforcement officer."  In response to the Court's request, on October 15, 2018 Plaintiff filed The United States' Supplemental Brief (Doc. No. 42) and on October 16, 2018 Defendant filed Defendant's Supplemental Points and Authorities in Support of the Sentencing Memorandum (Doc. No. 43).  The Court is convinced that U.S.S.G. § 3A1.2(c)(1) should be applied based on the reasonable objective viewpoint of a law enforcement officer.

The Tenth Circuit addressed U.S.S.G § 3A1.2(c)(1) in *United States v. Ford*, 613 F.3d 1263 (10th Cir. 2010).  Initially, the Tenth Circuit noted that "At least four circuits have found that a defendant reaching for a gun during a police encounter creates a substantial risk of serious bodily harm."  *Id.* at 1269 (citing cases from the D.C., 1st, 7th, and 8th Circuits).  Next, the Tenth Circuit referred to the Seventh Circuit case of *United States v. Robinson*, 537 F.3d 798 (7th Cir. 2008) in which "assault" was defined as "conduct which places another in reasonable

apprehension of receiving a battery with intent to 'cause apprehension' or actual 'bodily harm.'" *Id.* at 1269; *Robinson*, 537 F.3d at 802–03.

Defendant "contends that all of his actions after he pulled the firearm from his midsection were consistent with discarding the firearm so that the APD officers who surrounded him would not feel the need to use deadly force." Defendant's Supplemental Points and Authorities in Support of the Sentencing Memorandum (Doc. No. 43) at 3. Stated differently, Defendant appears to be arguing that he intended to grab his weapon only for the purpose of immediately getting rid of it so that if and when the officers caught him as he ran away he would no longer have a gun and the officers would then have no reason to shoot him.

Defendant's first problem with this argument is that he presented no evidence about his intent. His second problem is that the Tenth Circuit made it clear in *Ford* that U.S.S.G. § 3A1.2(c)(1) is not to be applied based on the subjective intent of the defendant.

In conclusion, the Court affirms the decision of the United States Probation Officer to add six offense levels under U.S.S.G. § 3A1.2(c)(1) as a Victim Related Adjustment. Hence, the total offense level becomes 17 and the guideline imprisonment range 27 to 33 months based on the Court's prior ruling that the criminal history category is II.

_____
SENIOR UNITED STATES DISTRICT JUDGE